UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID CRUZ, Individually and For Others Similarly Situated,<br><br>      **Plaintiff,**<br><br>v.<br><br>3F TECHNOLOGIES, LLC D/B/A PROGRESSIVE TECHNOLOGIES, LLC, FERNANDO FERNANDEZ, RAUL RODRIGUEZ, and ROMAN CORONADO<br><br>      **Defendants.** | Case No. 4:19-cv-04386<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

*MAY IT PLEASE THE COURT:*

Plaintiff, David Cruz ("Plaintiff"), respectfully submits this Memorandum in Support of his Motion to Dismiss Defendants' First Amended Counterclaims pled in ECF 17 and 18, pursuant to Rule12(b)(6).

**I. FACTS**

Plaintiff filed his Complaint on November 7, 2019 alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") by misclassifying Plaintiff and all other similarly situated employees as independent contractors and failing to pay overtime for all hours worked over forty (40) hours in a workweek. Defendants each filed their "Original Answer" (*see,* ECF 14 and 15), which contained "Original Counterclaims" seeking recovery of their attorneys' fees and expenses based on a fee-shifting provision in a "Master Trade Agreement" alleged to have been executed between Plaintiff and Defendants, as well as a request for declaratory judgment under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code §37.001, *et seq,* that

Plaintiff was properly classified as an independent contractor under the FLSA and a claim for attorney fees and costs. (*see,* ECF 14 and 15, at p. 6). Plaintiff filed his first Motion to Dismiss Defendants' Counterclaims, noting the unenforceability of the fee-shifting agreement in the "Master Trade Agreement" and inapplicability of the Texas Declaratory Judgment Act, on January 13, 2020. (*see,* ECF 16).

Defendants filed their Response to Plaintiff's Motion to Dismiss Defendants' Counterclaims (*see,* ECF 19) along with their First Amended Counterclaims (*see*, ECF 17 and 18) on January 31, 2020. Defendants dismissed their previously pled claim under the Texas Declaratory Judgment Act (*see,* ECF 19, ¶ 7). Defendants' First Amended Counterclaims only allege claims for breach of contract, including Defendants "reasonable and necessary attorney's fees and costs it incurs . . . in defending this lawsuit." *Id* at ¶ 10.

As set forth below, Defendants failed to state a claim for relief for recovery of their attorney fees and expenses because the fee-shifting agreement in the "Master Trade Agreement" is unconscionable, violates the FLSA, and the agreement is therefore unenforceable. Defendants' First Amended Counterclaims thus fail as a matter of law and must be dismissed

## II. LAW AND ARGUMENT

### A. Fed.R.Civ.P. 12(b)(6)

Pursuant to Rule 12(b)(6), district courts have the authority to dismiss all or any portion of a complaint if a party fails to "state a claim upon which relief can be granted."  The applicable standard was set forth in *Houston Home Dialysis, LP v. Blue Corss & Blue Shield of Tex.*, No. H-17-2095, 2018 U.S. Dist. LEXIS 93603, 2018 WL 2562692 (S.D. Tex. 6/4/18):

> Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." *Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6)* must be read in conjunction with *Rule 8(a)*, which requires "a short and plain statement of the claim showing that the pleader is

>entitled to relief." *Fed.R.Civ.P. 8(a)(2)* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Rule 8* "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).
>
>To withstand a *Rule 12(b)(6)* motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.,* 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alternation in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). ***Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."*** *Id.* (quoting *Twombly*, 550 U.S. at 558) (internal quotation marks and alteration omitted) (emphasis added)

Because Defendants' "First Amended Counterclaims" do not and cannot raise a claim of entitlement to relief, this Motion must be granted.

### B.  Defendants Have Failed to State a Claim for Relief for Recovery of Its Attorney Fees and Expenses Based on the "Master Trade Agreement."

Defendants, in their "First Amended Counterclaims," allege that Plaintiff breached the "Master Trade Agreement" that he executed with Defendants by: 1) claiming in his complaint in this matter to be an employee of Defendants, in violation of his contractual stipulation that he was

3

an independent contractor; 2) filing this lawsuit in a federal district court, rather than first submitting the claim to mediation and then binding arbitration and 3) seeking recovery of fees and costs in defending this matter. The "Master Trade Agreement" on which Defendants rely for their breach of contract claims is unconscionable, and therefore unenforceable. Defendants have failed to state a claim for breach of contract for which relief can be granted.

Defendants attached a copy of the "Master Trade Agreement" that they allege Plaintiff has breached as Exhibit B to their "First Amended Counterclaims."[1] This agreement between Plaintiff and Defendants contains a fee-shifting provision which provides that the "prevailing party" shall recover its attorneys' fees and court costs in any litigation between them, which states:

> Attorney Fees. In the event of any dispute between Contractor and Subcontractor, The prevailing party in any litigation related thereto shall be entitled to recover its attorney fees' and costs, whether incurred before trial, at trial and upon all appellate levels and in any administrative or bankruptcy proceedings. (ECF17-2, at p. 9 and ECF 18-2, at p.9)

This provision directly conflicts with the FLSA, is unconscionable and renders the entire Master Trade Agreement unenforceable. "[The] FLSA entitles a prevailing defendant to attorney fees only where the district court finds that the plaintiff litigated in bad faith." *Coronado v. D N.W. Houston, Inc.*, No. H-13-2179, 2015 U.S. Dist. LEXIS 134299, 2015 WL 5781375 (S.D. Tex. 9/30/15).

In the context of fee shifting FLSA arbitration agreements, courts routinely find such agreements invalid when they are ". . . in derogation of [the] FLSA's provisions." *Id.* As the *Coronado* court held, a mandatory two-way fee shifting provision (like the one alleged by Defendants in their counterclaims) violates the FLSA which permits fee shifting only to the

---

[1] District courts reviewing 12(b)(6) motions may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Greater Houston Transp. Co. v. Uber Techs., Inc.,* 155 F. Supp. 3d 670, 680 (S.D. Tex. Dec. 18, 2015), *citing Wolcott v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011).

victorious plaintiff. (*see, Brne v. Inspired eLearning*, Case No. 17-cv-02712, 2017 WL 4263995 (N.D. IL 9/26/17) at *12). Accordingly, the fee-shifting provision in the "Master Trade Agreement" is in derogation of the FLSA's limitation that a prevailing defendant can only recover fees and costs if the court determined plaintiff is in bad faith and is unconscionable.

In addition to the specific fee-shifting provision in Section N, the "Master Trade Agreement" also includes a broad "indemnity" provision in Section L that requires Plaintiff to indemnify Defendants against "any and all civil … liabilities, costs, expenses, claims, demands, causes of action … (including court costs, attorneys' fees…) … arising out of or resulting from this agreement." (ECF 17-2 at p. 7 and ECF 18-2 at p. 7) Like the provision in Section N, this indemnity provision runs afoul of the FLSA as it requires Plaintiff to pay Defendants' attorney fees and costs, regardless of whether he is successful in his claims, and is therefore unconscionable.

Courts apply state law when determining contract validity. *Coronado*, 2015 U.S. Dist. LEXIS 134299 at *13. According to Texas law, illegal or unconscionable contract provisions "may generally be severed so long as [they do] not constitute the essential purpose of the agreement." *Andrio v. Kennedy Rig Servs., LLC*, 2017 U.S. Dist. LEXIS 200559, at *14 (S.D. Tex. Dec. 6, 2017)(quoting *Venture Cotton Co-op v. Freeman,* 435 S.W.3d 222 (Tex. 2014)). Central to that determination is "whether or not the parties would have entered into the agreement absent the unenforceable provisions." *Id.* at *14-15. In *Andrio*, the court found that the indemnity provision in the agreement before the court was an "essential purpose" of the contract, and therefore could not be severed. *Id.* at *15.

Similar to the contract before the *Andrio* court, the "Master Trade Agreement" at issue also contains an indemnity provision that specifically states that it survives the termination of the agreement and is also "the only section of the Contract where every word is capitalized." *Id.* There,

the court found that based on those indications of the provision's essential purpose of the contract, the indemnity provision could not be severed. Likewise, the indemnity provision in the "Master Trade Agreement" was clearly an essential purpose of the "Master Trade Agreement" and therefore, the agreement cannot be saved by severing that provision. Therefore, because the indemnity provision is unconscionable and cannot be severed, the entire "Master Trade Agreement" is unenforceable. *Andrio,* 2017 U.S. Dist. LEXIS at *14-18.

Defendants' first "First Amended Counterclaims" do not and cannot raise a claim for relief. Accordingly, Defendants have failed to state a cause of action under the alleged "Master Trade Agreement."

### C. Leave to Amend Should Be Denied

Defendants "First Amended Counterclaims" fail as a matter of law. Defendants have already amended their "Original Counterclaims" which failed to state claims for which relief could be granted, and for the reasons discussed above, their "First Amended Counterclaims" continue to suffer the same uncurable fatal flaw. Amendment of the operative pleading will not change the outcome and is futile. "A court may deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted." *Houston Home Dialysis, LP, supra,* at *6.

Accordingly, Defendants' "First Amended Counterclaims" must be dismissed, with prejudice, and without leave to amend.

### III. CONCLUSION

For the foregoing reasons, Plaintiff, David Cruz, respectfully moves this Court to dismiss Defendants' "First Amended Counterclaims" for failure to state a claim for relief pursuant to Rule 12(b)(6), with prejudice, and without leave to amend.

        Respectfully submitted:

        /s/ *Philip Bohrer*
        Philip Bohrer  (#00792194)
        phil@bohrerbrady.com
        Scott E. Brady
        scott@bohrerbrady.com
        Amanda E. McGowen (*Admitted pro hac vice*)
        amcgowen@bohrerbrady.com
        BOHRER BRADY, LLC
        8712 Jefferson Highway, Suite B
        Baton Rouge, LA 70809
        Telephone: (225) 925-5297
        Facsimile: (225) 231-7000

        -and-

        TRAN LAW FIRM
        Trang Q. Tran
        Federal ID: 20361
        Texas Bar No. 00795787
        2537 S. Gessner Road, Suite 104
        Houston, TX 77063
        (713) 223-8855 Telephone
        (713) 623-6399 Facsimile
        ttran@tranlawllp.com
        service@tranlawllp.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 18, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case.  Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

        /s/Philip Bohrer