United States District Court
Southern District of Texas
**ENTERED**
April 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID CRUZ, Individually and for Others Similarly Situated, | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:19-cv-4386 |
| 3F TECHNOLOGIES, L.L.C. d/b/a PROGRESSIVE TECHNOLOGIES, L.L.C., FERNANDO FERNANDEZ, RAUL RODRIGUEZ and ROMAN CORONADO, | § § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

Before the Court in this Fair Labor Standards Act ("FLSA") case is David Cruz's ("Plaintiff") Motion to Dismiss 3F Technologies, LLC's and Fernando Fernandez's First Amended Counterclaims ("Motion") [Doc. # 21]. 3F Technologies, LLC ("3F") and Fernando Fernandez (collectively, "Counterclaimants") have responded.[1] Plaintiff has not replied, and the time for him

---

[1]  Defendants, 3F Technologies, L.L.C. d/b/a Progressive Technologies, L.L.C.'s and Fernando Fernandez's Response to Plaintiff's Motion to Dismiss Defendants' First Amended Counterclaims [Doc. # 26].

to do so has elapsed.[2] The motion is ripe for consideration. Based on the parties' briefing, pertinent matters of record, and relevant legal authority, the Court **grants** Plaintiff's Motion to Dismiss.

I. <u>BACKGROUND</u>

Plaintiff filed this action on November 7, 2019, seeking to recover unpaid overtime compensation from his former employer, 3F.[3] Plaintiff filed suit against 3F and three individuals, Fernandez, Rodriguez, and Coronado. Plaintiff alleges these individual Defendants each hold ownership interests in 3F and are joint employers as defined by 29 U.S.C. § 203(d).[4] Plaintiff alleges that he was misclassified as an independent contractor, and was only paid "straight time," or his standard hourly wage, for all hours worked, including those in excess of 40 hours per week.[5]

On December 11, 2019, Counterclaimants filed answers and counterclaims seeking attorneys' fees and declaratory judgment that 3F and Fernandez did not fall within the FLSA's definition of "employer" and that Plaintiff did not fall within the

---

[2] *See* S.D Tex. Loc. R. 7.4(E).

[3] Original Complaint [Doc. # 1] ¶ 1.

[4] *Id.* ¶¶ 9-11.

[5] *Id.* ¶¶ 25, 30, 61.

FLSA's definition of "employee."[6] On January 31, 2020, Counterclaimants filed amended counterclaims.[7]

Counterclaimants allege that Plaintiff was an independent contractor retained by 3F from June 2019 to September 2019, based on two contracts executed by Plaintiff and Counterclaimants on June 4, 2019, a Joint Agreement to Affirm Independent Relationship ("Joint Agreement") and a Master Trade Agreement ("MTA"), in which the parties stated that they agreed that Plaintiff was an independent contractor.[8] Copies of these agreements are attached as Exhibits A and B, respectively, to Counterclaimants' First Amended Counterclaims (the "FACCs").[9] The Joint Agreement states that "[Plaintiff] meets the qualifications of

---

[6] *See* 3F Technologies, L.L.C. d/b/a Progressive Technologies, L.L.C.'s Original Answer and Original Counterclaim [Doc. # 14] ¶¶ 76-77, and Defendant, Fernando Fernandez's Original Answer and Original Counterclaim [Doc. # 15] ¶¶ 76-77 (together, "Counterclaims").

Defendants Rodriguez and Coronado have not answered or appeared in this matter. Fernandez alleges that he is the sole member of 3F.

[7] 3F Technologies, L.L.C. d/b/a Progressive Technologies, L.L.C.'s First Amended Counterclaim [Doc. # 17] ("3F's FACC"); Fernando Fernandez's First Amended Counterclaim [Doc. # 18] ("Fernandez's FACC"). 3F's FACC and Fernandez's FACC are virtually identical and citations to them will be to them jointly for ease of reference.

[8] FACCs ¶¶ 4-6.

[9] Courts reviewing motions to dismiss may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Greater Houston Transp. Co. v. Uber*

an Independent Contractor under Texas Workers' Compensation Act" and that "[Plaintiff] is not an employee of [Counterclaimants]."[10] The MTA states that "[Plaintiff] is an independent contractor and not an employee of [Counterclaimants]."[11] The MTA also contains dispute resolution procedures providing that "[a]ny and all claims by and between the parties hereto shall first be submitted to mediation and, if not resolved in mediation then to binding arbitration," and that "[i]n the event of any dispute between [Counterclaimants] and [Plaintiff], the prevailing party in any litigation related thereto shall be entitled to recover its attorneys' fees and costs."[12]

Counterclaimants claim that Plaintiff breached the MTA by claiming in this lawsuit that he was an employee of 3F, in violation of his contractual agreement that he was an independent contractor, and by filing this lawsuit instead of submitting the dispute first to mediation and then arbitration, as required by the MTA.[13]

---

*Techs., Inc.*, 155 F. Supp. 3d 670, 680 (S.D. Tex. Dec. 18, 2015), citing *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[10] Ex. A to FACCs.

[11] Ex. B to FACCs at 4.

[12] *Id.* at 9.

[13] FACCs ¶¶ 7-8. Counterclaimants do not contend Plaintiff breached the Joint Agreement, but argue that that contract is probative of the parties' intent in executing the MTA.

Counterclaimants also seek attorneys' fees and costs pursuant to the fee shifting provision in the MTA.[14]

## II.   MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."  *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See*

---

[14]    *Id.* ¶ 9.

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

**III. DISCUSSION**

Counterclaimants argue that Plaintiff breached the MTA two ways: (1) by claiming in this lawsuit that he was an employee of Counterclaimants; and (2) by filing this lawsuit instead of submitting the dispute first to mediation and then binding arbitration. Counterclaimants also seek recovery of attorneys' fees pursuant to a fee shifting provision in the MTA.

**A. Whether the Counterclaims are Compulsory or Permissive**

Under Rule 13(a)(1), a compulsory counterclaim is one that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). Counterclaims that are not compulsory are permissive. Fed. R. Civ. P. 13(b).

A counterclaim arises out of the same transaction and occurrence as the original claim if: (1) both the counterclaim and the original claim largely raise the same issues of fact or law; (2) claim preclusion would bar a subsequent suit on the counterclaim apart from the compulsory counterclaim rule; (3) the same evidence will support or refute the respective claims; or (4) there is a logical relation between the original claim and the counterclaim. *RPV, Ltd. as Tr. For Village Tr. v.*

*Netsphere, Inc.*, 771 F. App'x 532, 535 (5th Cir. 2019); *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997). The general rule in the Fifth Circuit is that a claim is compulsory if one of these tests is met. *RPV*, 771 F. App'x at 535; *Tank*, 104 F.3d at 86; *Coronado v. D N.W. Houston, Inc.*, No. H-13-2179, 2014 WL 2779548, at *2 (S.D. Tex. June 19, 2014).[15]

As discussed below, Counterclaimants' breach of contract counterclaims are not compulsory because their resolution requires a different legal and factual analysis from Plaintiff's FLSA claim. Counterclaimants' claim for attorneys' fees is also not compulsory because that claim has not fully matured.

### 1. Plaintiff's Claim that He Was an Employee

Counterclaimants argue that Plaintiff's claim in this action that he was their employee is "in violation of his contractual stipulation that he was an independent contractor."[16] Plaintiff argues that Counterclaimants' breach of contract claim must be dismissed because the MTA is unconscionable and unenforceable as in conflict

---

[15] Other circuits view the four elements as factors to be considered in the overall analysis. *See, e.g.*, *Equitrans, L.P. v. Moore*, 725 F. App'x 221, 224 (4th Cir. 2018) ("We 'need not answer all these questions in the affirmative for the counterclaim to be compulsory' because the inquiries 'are less a litmus, more a guideline.'") (quoting *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988)).

[16] FACCs ¶ 7.

7

with the FLSA.[17] Counterclaimants sidestep the unconscionability issues, arguing simply that it does not matter if the MTA conflicts with the FLSA because Plaintiff's agreement that he was an independent contractor prevented him from ever having rights under the FLSA.

The parties' arguments miss the mark. "[P]utting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). Neither the subjective intent of the worker and employer nor the label they use to describe their relationship controls whether the worker is an employee or an independent contractor. *See Watson v. Graves*, 909 F.2d 1549, 1554 (5th Cir. 1990) ("We must . . . look to the substantive realities of the relationship, not to mere forms or labels ascribed to the laborer by those who would avoid coverage."); *Coronado*, 2014 WL 2779548, at *2 ("The fact that a worker and her employer use the 'independent contractor' label does not determine the outcome of the economic realities test or the application of the FLSA.") (Rosenthal, J.).

Courts in the Fifth Circuit use "the 'economic reality' test to evaluate whether there is an employer/employee relationship." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Courts applying this test consider "whether the putative employer:

---

[17] The Court does not reach the question of whether the MTA is unconscionable and unenforceable.

(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).

The statement in the MTA that "[Plaintiff] is an independent contractor and not an employee of [Counterclaimants]" is nothing more than a label representing the parties' subjective intent.[18] The parties' putative (or actual) subjective intent is not relevant to the economic reality test. *See Watson*, 909 F.2d at 1554; *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("[T]he subjective intent of the parties to a labor contract cannot override the economic realities reflected in the factors described above.") (citing *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1315 (5th Cir. 1976)).

Because the parties' intent in executing the MTA is not probative of the economic realities of the parties' relationship, counterclaims based on wording in the MTA require a different legal and factual analysis than Plaintiff's FLSA claim. Plaintiff's FLSA claim requires the Court to apply the economic reality test. Counterclaimants' claims against Plaintiff require the Court to construe the language of the MTA and determine its scope and enforceability.

---

[18] Ex. B to FACCs at 4.

As a result of this different legal and factual analysis, Plaintiff's FLSA claim and Counterclaimants' claims would not be supported or refuted by common evidence. Plaintiff's FLSA claim will be supported or refuted by evidence of Plaintiff's relationship with Defendants at his job *after* he signed the MTA. Counterclaimants' claims, on the other hand, will be supported or refuted by the language of the MTA and possibly evidence of the parties' conduct and intent *prior* to signing the MTA. Accordingly, there is no logical relationship between Plaintiff's FLSA claim and Counterclaimants' claims.

Counterclaimants' claims would not be barred by claim preclusion or *res judicata* in a subsequent suit. "*Res judicata* 'precludes the parties or their privies from relitigating issues that were or could have been raised' in a prior proceeding that was decided on the merits." *Butler v. Endeavor Air, Inc.*, --- F. App'x ---, 2020 WL 1061336, at *2 (5th Cir. 2020) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "In Texas, for *res judicata* to apply, three elements must be present: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.'" *Calderon v. Bank of N.Y. Mellon*, 791 F. App'x 453, 456 (5th Cir. 2019) (quoting *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)). Counterclaimants' claims would not meet the third element of this test because they

10

are for breach of contract, a claim different from Plaintiff's FLSA claim. *See Cortes v. Distribuidora Monterrey Corp.*, No. 3:08–CV–1077–M, 2008 WL 5203719, at *1 (N.D. Tex. Dec. 11, 2008) (holding that employer's counterclaims for breach of contract, conversion, and theft "would not be barred by res judicata if brought in a later suit, because they do not involve the same claim or cause of action as the FSLA claim.").

Counterclaims based on Plaintiff's classification in the MTA therefore do not arise out of the same transaction and occurrence as Plaintiff's FLSA claim, would not be supported or refuted the same evidence as Plaintiff's FLSA claim, are not logically related to Plaintiff's FLSA claim, and would not be barred by *res judicata* if brought in a subsequent suit. The counterclaims are permissive under Rule 13.

### 2. Plaintiff's Failure to Submit This Dispute to Mediation and Arbitration

Counterclaimants further argue that Plaintiff breached the MTA by filing this lawsuit instead of submitting the dispute to mediation and then binding arbitration as required by the MTA.[19] The MTA provides that "[a]ny and all claims by and

---

[19] Counterclaimants argue by implication that the dispute resolution provisions in the MTA are binding and enforceable. Yet, Counterclaimants have not initiated mediation or arbitration, and have not move to compel such proceedings in the face of Plaintiff's suit. Dispute resolution clauses like the one at issue can be waived if not invoked within a reasonable amount of time of the filing of a dispute subject to the clause. *Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986) ("'The right to arbitration, like any other contractual right, can be

between the parties hereto shall first be submitted to mediation and if not resolved in mediation then to binding arbitration."[20]

Determining whether a dispute falls within the scope of a mediation or arbitration agreement requires two separate determinations: First, a court considers "whether there is a valid agreement to arbitrate [or mediate] between the parties." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). If the court finds that a valid arbitration or mediation agreement does exist, the court must then determine "whether the dispute in question falls within the scope of that arbitration agreement." *Id.* Courts apply state law to determine contract validity, *First Options v. Kaplan*, 514 U.S. 938, 944 (1995), and apply federal law to decide whether the parties' dispute is within the scope of an arbitration agreement. *Wash. Mut. Fin. Grp., L.L.C. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

Counterclaimants' claim that Plaintiff breached the MTA by filing this lawsuit thus requires the Court to apply state principles of contract law to determine the validity of the MTA, and federal law to determine the scope of the dispute resolution clause in that agreement. As discussed above, resolution of Plaintiff's FLSA claim

---

waived.'") (quoting *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966) (*per curiam*)). These circumstances may raise serious questions, but the Court does not decide whether the dispute resolution provisions in the MTA are enforceable or whether Counterclaimants have waived rights under those clauses.

[20]   Ex. B to FACCs at 9.

turns on the economic reality test. *Gray*, 673 F.3d at 354. Because the economic reality test does not require the Court to determine the validity or scope of the dispute resolution provision in the MTA, counterclaims alleging violations of that provision require different legal and factual analyses from that involved in resolving Plaintiff's FLSA claim. In sum, the counterclaims based on alleged violations of the dispute resolution provision in the MTA do not arise out of the same transaction and occurrence as Plaintiff's FLSA claim. Such counterclaims are permissive.

### 3. Attorneys' Fees

Counterclaimants also seek a judgment against Plaintiff for the attorneys' fees and costs they have accrued and will accrue in defending this litigation. Counterclaimants rely on the MTA's fee shifting clause that provides "[i]n the event of any dispute between [Counterclaimants] and [Plaintiff], the prevailing party in any litigation related thereto shall be entitled to recover its attorneys' fees and costs."[21]

Counterclaimants claim for attorneys' fees and costs is not yet mature. This claim is contingent upon the adjudication of alleged breaches of the MTA. Since the breach of contract counterclaims have not been adjudicated, there is no

---

[21] FACCs ¶ 6; Ex. B to FACCs at 9.

"prevailing party" to whom attorneys' fees and costs may be awarded. Additionally, as Counterclaimants note, attorneys' fees and costs are continuing to accrue.

"Under Rule 13(e), a counterclaim that does not mature at the time of the initial pleading need not be asserted, 'even if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim' because 'the after-acquired claim is not considered a compulsory counterclaim under Rule 13(a) and a failure to interpose it will not bar its assertion in a later suit.'" *Coronado*, 2014 WL 2779548, at *3 (quoting 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1428 at 246 (3d ed. 2010)); *see also Welsh v. Fort Bend Ind. Sch. Dist.*, 860 F.3d 762, 766 (5th Cir. 2017) ("We also find instructive Texas's compulsory counterclaim rule, under which a party must assert as a counterclaim any action arising out of the same transaction as the claim so long as the action is mature at the time of filing the pleading.") (citing Tex. R. Civ. P. 97(a)). Counterclaimants' claim for attorneys' fees and costs is permissive because that claim has not yet matured.

### B. Whether There Is Supplemental Jurisdiction Over the Counterclaims

Because Counterclaimants' claims are permissive, there must be an independent jurisdictional basis for this Court to act on the claims. Plaintiff and

Counterclaimants each are citizens of Texas.[22] The counterclaims are state law causes of action. Therefore, there is no original federal subject matter jurisdiction over the counterclaims.

Supplemental jurisdiction requires the claims to be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). More specifically, a court has supplemental jurisdiction over state claims "when the state and federal claims 'derive from a common nucleus of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580 (2005) (citation omitted); s*ee also Saenz v. Austin Roofer's Supply, LLC*, 664 F. Supp. 2d 704, 707 (W.D. Tex. 2009) (for federal courts "to decide state claims that lack an independent basis of jurisdiction, [they] must find that the state and federal claims 'derive from a common nucleus of operative facts . . . .'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

In response to Plaintiff's motion, Counterclaimants allege superficially that their counterclaims are part of the same case or controversy as Plaintiff's FLSA

---

[22]     *See* FACCs ¶¶ 2-3.

claim, but offer no further explanation.[23] For reasons similar to the permissive/compulsory counterclaim analysis, the Court concludes the exercise of supplemental jurisdiction over the counterclaims is not warranted. Courts in this district and elsewhere have held that an employer's counterclaim claim for breach of an employment contract is not part of the "same case or controversy" as an employee's FLSA suit.[24] Counterclaims for breach of an employment contract

---

[23]  *See* FACCs ¶ 1. The parties did not address in their briefing the question of whether the Court has jurisdiction to hear the claims asserted by Counterclaimants. The Court nevertheless considers the issue *sua sponte*. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their subject-matter jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

[24]  *See Coronado*, 2014 WL 2779548, at *3 (concluding that counterclaim alleging breach of a contract stating that plaintiff was an independent contractor was permissive counterclaim); *Anderson v. P.F. Chang's China Bistro, Inc.*, NO. 16-14182, 2017 WL 3616475, at *6 (E.D. Mich. Aug. 23, 2017) ("Although there would be some evidentiary overlap regarding the type of duties that [plaintiff] performed as a Sous Chef, the Counterclaims would involve a substantial amount of additional evidence that would not be necessary to prove or defend [plaintiff's] claim."); *Sneed v. Wireless PCS Ohio #1, LLC*, No. 1:16-cv-1875, 2017 WL 879591, at *2 (N.D. Ohio Mar. 6, 2017) (finding counterclaims were permissive and declining to exercise supplemental jurisdiction over them because "Plaintiff's claim will focus on how many hours he worked, how much he was paid, and whether he was considered an employee under the FLSA. Defendants' counterclaims will involve questions of whether plaintiff . . . failed to perform the requirements of his oral employment agreement with defendants."); *Hose v. Henry Indus., Inc.*, No. 13–cv–2490, 2014 WL 1356039, at *2 (D. Kan. Apr. 7, 2014) (concluding that the court lacked jurisdiction to hear a counterclaim alleging breach of contract "premised on a written document which will carry minimal weight in the classification of Hose for FLSA purposes."); *see also Iniesta v. Ula's Washington, LLC*, No. H-17-2668, 2018 WL 3912256, at *3 (S.D. Tex. July 18, 2018) (report and recommendation adopted, 2018 WL 3880286 (S.D. Tex. Aug. 15, 2018)) (concluding that

"require a different legal and factual analysis than the FLSA claims." *Coronado*, 2014 WL 2779548, at *4. "FLSA claims turn on whether, under the economic realities of the [plaintiffs'] relationship with [defendants], they are employees, not how they were labeled in [a contract]. By contrast, [breach of contract] counterclaims turn on the contract language and issues of consideration, conscionability, and defendant's damages, including attorney fees." *Id.*

Chief Judge Rosenthal's analysis in *Coronado* is persuasive here. Counterclaimants' causes of action are not part of the same case or controversy as Plaintiff's FLSA claim. Plaintiff's FLSA claim turns on the economic reality test, that is, the conditions and duties of Plaintiff's work, and Defendants' payment policies while Plaintiff was employed. On the other hand, Counterclaimants' claims require the Court to determine the parties' intent at the time of contracting, and the enforceability and scope of various provisions in the MTA. The provisions in the MTA relevant to Counterclaimants' claims have no bearing on the economic reality test and are thus unrelated to resolution of Plaintiff's FLSA claim.

Even if Counterclaimants' claims arguably could be deemed part of the same case or controversy as Plaintiff's FLSA claim, the Court would exercise its

---

restaurant's counterclaims for theft, conversion and fraud were related to the allegation that employee pocketed money paid by the restaurant's customers which had "nothing to do with the number of hours Plaintiff worked or the manner in which his tips were calculated.").

discretion to decline to exercise supplemental jurisdiction. "[D]istrict courts may decline to exercise supplemental jurisdiction" when "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). "In FLSA cases, the Fifth Circuit has 'been hesitant to permit an employer to file counterclaims . . . for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused.'" *Coronado*, 2014 WL 2779548, at *4 (quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)). The Fifth Circuit has explicitly acknowledged that its own precedent "suggests that [breach of contract counterclaims] should not be addressed in a FLSA action." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (affirming district court's refusal to hear employer's breach of contract counterclaim in employee's FLSA case); *see also Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]."), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

The Court concludes that there is no independent jurisdictional basis to exercise subject matter jurisdiction over the counterclaims in this case. Even if there

were, this Court would decline to exercise supplemental jurisdiction over the permissive counterclaims advanced against Plaintiff in this case.

## IV. CONCLUSION AND ORDER

The Court concludes that the counterclaims asserted by Counterclaimants are permissive under Rule 13.  The Court further concludes that there is no independent subject matter jurisdiction over the counterclaims.  Even if supplemental jurisdiction existed, the Court finds compelling reasons why the exercise of supplemental jurisdiction over the counterclaims is not warranted.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss Defendants' First Amended Counterclaims is **GRANTED** and 3F's and Fernandez's First Amended Counterclaims are **DISMISSED with prejudice**.  It is further

**ORDERED** that on or before April 21, 2020, Plaintiff shall present evidence of service on Defendants Raul Rodriguez and Roman Coronado.  Plaintiff is advised that failure to comply by the April 21, 2020, deadline will result in dismissal of this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as against any unserved Defendant.

SIGNED at Houston, Texas, this 3rd day of **April, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE